Surinder SINGH; et al., Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74382.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

John D. Friedman, Reseda, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., John M. McAdams, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Surinder Singh, a native and citizen of India, Ramona Geraldo Singh, a native and citizen of Mexico, and their children,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lakhvir Sing Ortega and Surinder Veer Singh, natives of Mexico and citizens of India, petition for review from the Board of Immigration Appeals' order, summarily affirming an immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Singh failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Singh testified that the Indian police arrested, detained, and beat him. However, Singh failed to demonstrate that he suffered this treatment on account of an actual or imputed political opinion. *See id.* at 483–84; *Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir. 1997).

Because Singh failed to establish eligibility for asylum, it follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

To the extent that Singh contends he is entitled to relief under the CAT, we lack jurisdiction to address it because Singh failed to exhaust this issue. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the

stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**